STATE OF MAINE
PISCATAQUIS, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO CV-08-110

WILLIAM HIGGINS d/b/a
HIGGINS REAL ESTATE,

Plaintiff,

v.

MALCOLM McGRAW and
TERRI-LEE McGRAW,

Defendant.

ORDER

RECEIVED & FILED

NOV 30 2009

PISCATAQUIS COUNTY
Clerk's Office

Hearing was held on the plaintiff's complaint on November 16, 2009. The plaintiff was present and represented by counsel, Richard McCarthy, Esq., while the defendants were present and represented by counsel, Joseph M. Bethony, Esq.

In his complaint, the plaintiff, a real estate broker, seeks a judgment against the defendants in the amount of a commission related to the sale of defendant's business, Moosehead Motorsports. According to the parties' exclusive right to sell listing agreement that was in effect from November 7, 2007 to November 8, 2008, "if during the term of this agreement, a purchaser is produced who is ready, willing and able to purchase at said price, or upon price or terms which the owner... may agree, or the property is sold or exchanged by anyone, including the owner, then the owner agrees to pay the Agency a commission of 6% of contract price." The parties agreed to an additional hand-written provision that stated, "if owner secures a buyer for said property Higgins Real Estate will split commission 50/50."

Because the defendant did not want to cause concern among staff and customers, he requested that the plaintiff attempt to sell the business, including real estate and inventory, without public advertising. There was little interest shown initially until the summer of 2008 when Mr. McGraw started to discuss his interest in selling his business

with a customer, John W. Gray. Early in the process of negotiation they discussed a potential purchase price of $750,000. By September 30, 2008, Mr. McGraw was so confident that a sale would be consummated that he requested that Mr. Higgins release him from the commission obligation. In making the request, Mr. McGraw wrote: "I have located my own buyer and we could close on 11/7/08 or later without any broker fees. Please let us close on this before that without any brokerage fees or commissions." At this time Mr. Gray had not signed a purchase and sale agreement for the purchase of Moosehead Motorsports. Mr. Higgins did not consent to the release and the defendant eventually sold the business on September 25, 2009 to two limited liability entities controlled by Mr. Gray and his wife for $750,000.

Initially, the Court addresses the issue of whether the defendant and purchaser intentionally delayed the sale of Moosehead Motorsports until the exclusive sales contract had expired. If so, case law may exist that could require that the commission be paid even though the sale took place after the expiration of the contract. The Court finds that there was no purposeful delay. It took a period of time for the Grays to obtain the loan for the purchase price, to sell their plumbing and heating business, and to arrange to be granted the necessary franchises to successfully engage in business.

Next, the Court must interpret the exclusive sales agreement to evaluate whether its terms require payment of the commission under these circumstances. For reasons to be explained in the ensuing analysis, the Court concludes that read as a whole, the document requires that a commission be paid under two circumstances. First, when the realtor, due to his efforts, presents a ready and willing purchaser during the duration of the contract regardless of when the purchase takes place, and, second when the business is sold by anyone, including the owner, during the period of the contract.

Preliminarily, a question arises in interpreting the handwritten clause, "if owner secures a buyer for said property Higgins Real estate will split the commission 50/50, because it could be argued that this clause does not modify the primary language concerning when a commission must be paid, but adds an additional condition. The Court concludes, based on the wording of the clause and the expressed intent of the parties, that the clause only modifies the rate of the commission if the owner, as opposed to the realtor, locates the purchaser and the sale takes place during the duration of the contract, in which case the realtor is entitled to a 3% commission instead of the 6% that would otherwise have been due. It was not intended to add an additional provision granting a 3% commission if the owner "secures" a buyer within the contract period and the closing takes place after the agreement expires.

Finally, the plaintiff argues that the primary clause in the agreement concerning the payment of a commission, requiring that it be paid when "a purchaser is produced who is ready, willing and able", requires the payment of the commission regardless of who "secures" the prospective purchaser. Under this interpretation, the plaintiff would be entitled to a commission even if the defendant located the purchaser and the sale took place after the agreement expired. Supporting this interpretation is the fact that it does not specify which party must produce the purchaser for it to apply. The Court disagrees with this interpretation of the agreement. The clause following this provision specifies that a commission is to be paid when the owner sells the property within the agreement period. If the contract were construed to require the payment of a commission if the owner produced a willing and able purchaser, there would be no need for the clause that follows because any buyer, prior to the purchase, would be a "ready, willing, and able purchaser." Because of this, and believing that the second clause was included because it had a purpose, the Court finds that the first clause only

applies to a situation in which the realtor locates a ready buyer, but there is no closing within the one year term of the agreement.

With regard to the quantum meruit count of the plaintiff's complaint, this theory of recovery does not apply because the commission issue was governed by contract, and the plaintiff acknowledges that he offered no evidence relevant to damages under this theory.

Based on the foregoing, the court finds that the plaintiff is not entitled to a commission and Orders that Judgment be entered for the defendant on all counts.

The clerk is directed to incorporate this Judgment onto the docket by reference.

Dated: November 19, 2009

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT